SPENCER HOSIE (SBN 101777)
shosie@hosielaw.com
DIANE S. RICE (SBN 118303)
drice@hosielaw.com
DARRELL R. ATKINSON (SBN 280564)
datkinson@hosielaw.com
HOSIE RICE LLP
600 Montgomery Street, 34th Floor
San Francisco, CA 94111
Telephone (415) 247-6000
Facsimile (415) 247-6001

Attorneys for Plaintiff
MASTEROBJECTS, INC.

JEFFREY J. TONEY (*pro hac vice*)
jtoney@kasowitz.com
JONATHAN K. WALDROP (*pro hac vice*)
jwaldrop@kasowitz.com
DARCY L. JONES (*pro hac vice*)
djones@kasowitz.com
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1349 West Peachtree Street, N.W., Suite 1500
Atlanta, GA 30309
Telephone (404) 260-6080
Facsimile (404) 260-6081

KEITH J. MITRO (Bar No. 287108)
kmitro@kasowitz.com
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
333 Twin Dolphin Drive, Suite 200
Redwood Shores, CA 94065
Telephone (650) 453-5170
Facsimile (650) 453-5171

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MASTEROBJECTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE INC., <br><br> Defendant. | CASE NO. CV 13-4304 PJH <br><br> **JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** <br><br><br> Date: December 19, 2013 <br> Time: 2:00 pm <br> Courtroom: 3, Third Floor <br> Judge: Hon. Phyllis J. Hamilton |

In accordance with Fed.R.Civ.P. 26(f) and Local Rule 16-9, and this Court's Order Setting Case Management Conference (D.I. 8), Plaintiff MasterObjects, Inc. ("MasterObjects") and Defendant Google Inc. ("Google") respectfully submit the following Joint Case Management Statement in preparation for the December 19, 2013 Initial Case Management Conference. Counsel for the parties conducted a teleconference on November 26, 2013.  Spencer Hosie and George Bishop of Hosie Rice LLC participated on behalf of MasterObjects.  Darcy Jones, Joseph Shear, and Keith Mitro of Kasowitz, Benson, Torres & Friedman LLP participated on behalf of Google.  The parties additionally conferred via electronic mail.

## DESCRIPTION OF THE CASE

### I.   JURISDICTION AND SERVICE

This Court has jurisdiction over the subject matter of MasterObjects' claims of patent infringement, as arising under the patent laws of the United States, including 35 U.S.C. § 271. This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331, 1338(a), 1367, 2201 and 2202.  Google intends to file counterclaims with its answer, over which it believes this Court will have subject matter jurisdiction.  All parties are subject to the Court's jurisdiction, and Google has been served.

### II.   FACTS

This case arises from MasterObjects' assertion of infringement of U.S. Patent No. 8,539,024 (" '024 patent" or "Patent-In-Suit"), which issued September 17, 2013.

**A.   Plaintiff's Statement**

The inventions of this patent were conceived and reduced to practice by Inventor Mark Smit, the CEO of MasterObjects, plaintiff herein.  MasterObjects alleges that Google makes, uses, and sells products and technologies, including Google's "Google Instant" and "Google Suggest" technologies provided at the Google.com website, browser toolbars and add-ins, and mobile applications, that infringe Plaintiff's '024 Patent.

While the Google infringing products in this case are similar to those in MasterObjects I, the patent is different, with different claim terms.  Specifically, the claim phrases that the Court construed in MasterObjects I, referred-to as "additional characters terms," are not present in the

'024 Patent that is asserted in this case. Accordingly, Google is mistaken when it asserts that "this case contain several overlapping terms, including the 'additional characters terms."

### B. Defendant's Statement

The '024 patent is a continuation of U.S. Application 09/933,493, now U.S. Patent No. 8,112,529 (" '529 patent"), which MasterObjects previously asserted against Google, along with U.S. Patent No. 8,060,639 (" '639 patent"), in the matter of *MasterObjects, Inc. v. Google Inc.*, No. CV 11-01054-PJH ("*MasterObjects I*").

The technology at issue in *MasterObjects I* and this case relates to computer client/server technology, and MasterObjects has accused identical Google functionality in both cases. This functionality relates to Google Suggest and Google Instant, which are features of Google's search engine. Google Suggest is an autocompletion feature that, as a user types a search query, offers queries that might be similar to the one the user is typing, or information relevant to the query the user is typing. Google Instant is a feature that shows search results as the user types a search query. In general terms, as a user begins to type a search query into a search query box, Google Instant and Google Suggest enable the user's client computer to send search query requests to the server while the user is still typing, and receive responses from the server, before the user affirmatively submits the search (for example, by clicking the "Google Search" button). As the user types in characters, in certain circumstances the client computers send additional HTTP requests to the server; each HTTP request includes the entire string of characters that has been input up to that time, rather than the client computer sending only the changes to the query string. MasterObjects also accuses other products or instrumentalities as allegedly including some variant of the accused features, including Google Chrome web browser, Google Chrome operating system, Android operating system, Google Toolbar web browser application for Internet Explorer and Firefox, Google Search applications for the iOS and Windows Phone platforms, and Quick Search Box for Google Android.

In *MasterObjects I*, following the Court's claim construction hearing, MasterObjects stipulated that Google's accused search features did not infringe the '529 or '639 patents based on the Court's construction of the "additional characters terms" as meaning "only the changes to the

input string that were not sent in any previous consecutive query." (D.I. 187.) On November 26, 2013, this Court ordered judgment of non-infringement. (D.I. 189.) MasterObjects filed a notice of appeal in *MasterObjects I* on December 3, 2013. (D.I. 190.)

Like the '529 and '639 patents asserted in *MasterObjects I*, the claims of the '024 patent being asserted in this case contain several overlapping terms, including the "additional characters terms." For example, claim 1 of the '024 patent recites that "query messages represent the lengthening string as additional characters are being input by the user . . ."

Google denies all allegations that it infringes the '024 patent, and when Google files its answer,[1] it intends to assert counterclaims for declaratory judgment of non-infringement and invalidity.

### III.   LEGAL ISSUES

#### A.   Plaintiff's Statement

MasterObjects contends that Google has directly infringed the claims of the Patent-In-Suit at least by making, using, selling or offering to sell, the accused instrumentalities.

#### B.   Defendant's Statement

Google denies all allegations that it infringes the '024 patent and intends to assert counterclaims for declaratory judgment of non-infringement and invalidity.

#### C.   Disputed Issues of Law

(a)   The meaning and scope of the asserted claims of the Patent-In-Suit.

(b)   Whether any of Google's accused functionalities or products directly infringe any of the asserted claims of the Patent-In-Suit.

(c)   Whether any of the claims of the Patent-In-Suit are invalid or unenforceable.

---

[1] MasterObjects filed a First Amended Complaint on November 18, 2013 (D.I. 15), and the parties stipulated that the deadline for Google to answer or otherwise respond to the First Amended Complaint would be extended to December 9, 2013. (D.I. 16.) After Google notified MasterObjects on December 3, 2013 that it intended to file a motion to strike certain paragraphs of the First Amended Complaint, the parties conferred and MasterObjects agreed to file a Second Amended Complaint removing the disputed paragraphs of the First Amended Complaint. (D.I. 25.) The parties stipulated that Google will respond to the Second Amended Complaint 14 days after it is filed. (D.I. 25.)

(d) Whether MasterObjects has dedicated to the public any of the claimed subject matter asserted against Google.

(e) Whether the Court should declare the case exceptional under 35 U.S.C. § 285.

(f) Whether and what damages and/or other relief would be appropriate.

## IV. MOTIONS

The parties anticipate that summary judgment motions will be filed at least on the issues of infringement or non-infringement, invalidity, and/or unenforceability.

### A. Plaintiff's Statement

At this time, MasterObjects has not motions pending, and does not anticipate filing any motions in the immediate future.

Concerning Google's proposal below " that it be allowed to assert collateral estoppel by motion, with briefing to occur in tandem with the parties' claim construction briefing," the Joint Stipulation for Entry of Final Judgment (Dkt. 187) ("Stipulation") and the Stipulated Judgment entered in MasterObjects I are very clear that the Claim Construction order and Judgment in MasterObjects I are not entitled to collateral estoppel in this case (until after conclusion of the appeal), and that Google is permitted in this case not to move for imposition of collateral estoppel effect, but only to ask this Court for a stay:

> 13. The parties agree that **nothing in the Claim Construction Order, this Joint Stipulation, the Stipulated Final Judgment, or any other order in this matter, shall have any collateral estoppel or issue preclusion effect in this matter or in any present or future litigation of MasterObjects with Google or in any present or future litigation of MasterObjects with any other entity,** and, **specifically (but without limitation) shall have no collateral estoppel or issue preclusion effect in the matters of**: MasterObjects, Inc. v. eBay Inc., No. C 12-680 JSC (N.D. Cal.); MasterObjects, Inc. v. Yahoo, Inc., No. C 11-2539 JSW (N.D. Cal.); or **MasterObjects, Inc. v. Google Inc., No. C 13-04304 DMR (N.D. Cal.)** until the Stipulated Final Judgment becomes final and unappealable. Notwithstanding the foregoing, Google does not by this paragraph waive or limit any defense, other than collateral estoppel or issue preclusion before the Stipulated Final Judgment becomes final and unappealable, with respect to the Claim Construction Order, the Joint Stipulation, or the Stipulated Final Judgment, including the persuasive effect of said Claim Construction Order, which may be available to Google in the appeal of this matter or in any other present or future litigation between MasterObjects and Google, including but not limited to the

matter MasterObjects, Inc. v. Google Inc., No. C 13-04304 DMR (N.D. Cal.) ("MasterObjects II"). **The parties further agree that if** Google were to assert collateral estoppel or issue preclusion in MasterObjects II, by dispositive motion or otherwise, **and the Court in MasterObjects II determines that collateral estoppel or issue preclusion based upon the "additional characters terms" would govern claims in MasterObjects II but for this paragraph, the parties agree that a stay of the MasterObjects II litigation is appropriate pending the outcome, completion, or abandonment of the appeal in this matter (C.A. No. 11-01054 PJH (N.D. Cal.)**). In particular, the parties agree that a stay of MasterObjects II pending the completion or abandonment of the appeal in such a situation would conserve judicial resources, and would not unduly prejudice the parties.

Stipulation, ¶13 (emphasis added).

The Stipulated Judgement also forbids any collateral estoppel effect here from MasterObjects I:

> 3. **Nothing in the Claim Construction Order, the Joint Stipulation, or this Stipulated Final Judgment, or any other order in this matter, shall have any collateral estoppel or issue preclusion effect in this matter or in any present or future litigation of MasterObjects with Google or in any present or future litigation of MasterObjects with any other entity**, and, **specifically (but without limitation) shall have no collateral estoppel or issue preclusion effect in the matters of:** MasterObjects, Inc. v. eBay Inc., No. C 12-680 JSC (N.D. Cal.); MasterObjects, Inc. v. Yahoo, Inc., No. C 11-2539 JSW (N.D. Cal.); or **MasterObjects, Inc. v. Google Inc., No. C 13-04304 DMR (N.D. Cal.)**, until this Stipulated Judgment becomes final and unappealable. The foregoing does not waive or limit any of Google's defenses, other than collateral estoppel or issue preclusion . . ..

Stipulated Final Judgment, Dkt. 189, ¶3 (emphasis added). MasterObjects opposes Google's intention of filing more than one summary judgment motion.

**B.     Defendant's Statement**

Google may seek to stay this case by asserting collateral estoppel based upon the Court's claim construction ruling in *MasterObjects I* on the "additional characters terms," and based upon the following provision in the Joint Stipulation for Entry of Stipulated Final Judgment, entered in *MasterObjects I*:

> The parties further agree that if Google were to assert collateral estoppel or issue preclusion in MasterObjects II, by dispositive motion or otherwise, and the Court in MasterObjects II determines that collateral estoppel or issue preclusion based upon the "additional characters terms" would govern claims in MasterObjects II but for this paragraph, the parties agree that a stay of the MasterObjects II litigation is appropriate pending the outcome, completion, or abandonment of the appeal in this matter (C.A. No. 11-01054 PJH (N.D. Cal.)).

Joint Stipulation for Entry of Stipulated Final Judgment (Dkt. 187), ¶13. In accordance with this Stipulation, Google proposes that it be allowed to assert collateral estoppel by motion, with briefing to occur in tandem with the parties' claim construction briefing. Google is expressly permitted by the Joint Stipulation and this Court's Final Judgment to seek such a stay by asserting collateral estoppel.

In addition, Google reserves the right to move for an early determination of non-infringement after the Court renders a claim construction decision. Google is mindful of the Court's rule that "[o]nly one summary judgment motion may be filed by each side, absent leave of court." J. Hamilton's Pretrial Instructions (rev. 3-21-11). Accordingly, Google would seek leave to file a motion for early determination of the above matter(s).

## V.     AMENDMENT OF PLEADINGS

MasterObjects intends to amend its First Amended Complaint to remove certain paragraphs disputed by the parties. For any answer filed by Google, Google reserves the right to amend its Answer and to assert additional counterclaims as allowed by the Federal Rules of Civil Procedure and Local Rules of this Court.

## VI.    EVIDENCE PRESERVATION

The parties have reviewed the Northern District of California's Guidelines Relating to the Discovery of Electronically Stored Information and met and conferred pursuant to Federal Rule of Procedure 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. The parties will take reasonable steps to preserve documents relating to the issues presented in MasterObjects' First Amended Complaint based on their current understanding of the issues.

## VII. DISCLOSURES

The parties exchanged their initial disclosures on December 10, 2013, and each party reserves its right to amend such disclosures as discovery progresses.

## VIII. DISCOVERY

The parties have agreed to defer discovery in this case until after the Court's decision of claim construction, with the following exception:  Following MasterObjects service of its Disclosure of Asserted Claims and Infringement Contentions in accordance with Patent L.R. 3-1 and 3-2, in the event that Google raises indefiniteness of any disputed claim term in the Joint Claim Construction and Prehearing Statement in accordance with Patent L.R. 4-3, the parties will meet and confer regarding the possibility of each side taking one deposition each, such deposition not to exceed seven hours in a single day, provided that any individual deposed for such a purpose shall not be required to sit for an additional deposition in this case for any purpose, and no additional document productions will be required of either party if such depositions are taken. Discovery shall resume following the Court's decision on Claim Construction.  Pursuant to paragraph 12 of the Court's Standing Order for Patent Cases, the parties will address further scheduling and limits on discovery at the Court's further case management conference after issuance of the Court's claim construction ruling.

The parties have agreed to cross-designate discovery already taken in *MasterObjects I* and to enter into a stipulation for protective order, identical in all material respects to the protective order entered in *MasterObjects I* (D.I. 114), to govern discovery in this case.

## IX. CLASS ACTIONS

This is not a class action.

## X. RELATED CASES

On October 1, 2013, this Court ordered that *MasterObjects I* and this case are related. (D.I. 7.) MasterObjects and Google stipulated in *MasterObjects I* that, because of the Court's construction of the "additional characters terms," Google did not infringe the patents asserted in that lawsuit, and a Stipulated Judgment of Non-Infringement was entered on that Stipulation, s

1  terminating that suit on November 26, 2013 (D.I. 189). That judgment is currently pending
2  appeal by MasterObjects (D.I. 190).

3  **XI.    RELIEF**

4      **A.    Plaintiff's Statement**

5      MasterObjects is seeking the following relief: (1) an entry of judgment in favor of
6  MasterObjects and against Google, of direct and indirect infringement, and that the '024 Patent is
7  valid and enforceable; (2) an award of damages adequate to compensate MasterObjects for the
8  infringement, but in no event less than a reasonable royalty as permitted by 35 U.S.C. §284, plus
9  both pre-judgment and post-judgment interest; (3) an injunction enjoining Google from further
10 infringement of the '024 Patent; and (4) a finding that this case is exceptional and an award to
11 MasterObjects of its attorneys' fees and expenses as provided by 34 U.S.C. § 285.

12     **B.    Defendant's Statement**

13     Google has not yet filed an answer in this case because MasterObjects agreed to remove
14 certain paragraphs from its First Amended Complaint before Google's answer was due, and to file
15 a Second Amended Complaint. (D.I. 25.) Upon filing its answer, Google anticipates that it will
16 seek the following relief: (1) declaratory or other judgment of non-infringement of the '024
17 patent; (2) declaratory or other judgment of invalidity of the '024 patent; and (3) a finding that
18 this case is exceptional pursuant to 35 U.S.C. § 285 and award of attorneys' fees to Google. As
19 Google continues to investigate the allegations set forth in the First Amended Complaint and
20 MasterObjects' anticipated Second Amended Complaint, Google specifically gives notice that it
21 reserves the right to amend to add further affirmative defenses and/or counterclaims as may
22 become available by law, statute, or upon discovery in this case.

23 **XII.   SETTLEMENT AND ADR**

24     The parties have met and conferred regarding ADR and have agreed to participate by
25 private mediation before Randall Wulff of Wulff, Quinby & Sochynsky, 1901 Harrison Street,
26 Oakland, CA 94612. (D.I. 21.) The parties agree that such a mediation would be most fruitful
27 within 90 days of receipt of the Court's claim construction order.
28

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties do not consent to assigning this case to a Magistrate Judge.

## XIV. OTHER REFERENCES

The parties do not believe that this case is suitable for reference to a Special Master, or the Judicial Panel on Multidistrict Litigation, or arbitration.

## XV. NARROWING OF ISSUES

### A. Plaintiff's Statement

MasterObjects is not currently aware of issues that can be narrowed by agreement or motion, or suggestions to expedite the presentation of evidence at trial.

### B. Defendant's Statement

As discussed in Section IV above, Google may move for early determination with respect to collateral estoppel or non-infringement.

## XVI. EXPEDITED TRIAL PROCEDURE

The parties do not believe that this type of case can be handled on an expedited basis with streamlined procedures.

## XVII. SCHEDULING

The parties jointly propose the following schedule for discovery and claim construction proceedings in accordance with the default schedule under the Court's Patent Local Rules:

| Event: | Proposed Date: |
| --- | --- |
| MasterObjects' Disclosure of Asserted Claims and Infringement Contentions and accompanying document production [Patent L.R. 3-1 & 3-2] | January 2, 2014 |
| Google's Disclosure of Invalidity Contentions and accompanying document production [Patent L.R. 3.3-3.4] | February 18, 2014 |
| Parties to exchange Proposed Terms and Claim Elements for Construction [Patent L.R. 4-1(a)] | March 14, 2014 |
| Parties to exchange Preliminary Claim Constructions [Patent L.R. 4-2(a)] | March 25, 2014 |

| Event: | Proposed Date: |
|---|---|
| Joint Claim Construction and Prehearing Statement [Patent L.R. 4-3] | April 21, 2014 |
| Completion of Claim Construction Discovery [Patent L.R. 4-4] | May 21, 2014 |
| MasterObjects to file Opening Brief on Claim Construction [Patent L.R. 4-5(a)] | June 5, 2014 |
| Google to file Responsive Brief on Claim Construction [Patent L.R. 4-5(b)] | June 19, 2014 |
| MasterObjects to file Reply Brief on Claim Construction [Patent L.R. 4-5(c)] | June 26, 2014 |
| Technology Tutorial Presentation | Two to four weeks prior to the Court's Claim Construction Hearing (subject to the convenience of the Court's calendar) [Paragraph 6 of Court's Standing Order for Patent Cases] |
| Court conducts Claim Construction Hearing [Patent L.R. 4-6] | July 9, 2014 (subject to the convenience of the Court's calendar) |
| Discovery resumes | Following Court's ruling on claim construction |

## XVIII. TRIAL

A jury demand has been made. MasterObjects and Google currently anticipate that the expected length of trial is 5-7 days.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

MasterObjects has filed its certification of interested entities pursuant to Civ. L.R. 3-16 with the Court. (D.I. 3.) Google has filed its certification of interested entities pursuant to Civ. L.R. 3-16 with the Court (D.I. 22), and hereby restates that Defendant Google Inc., through the undersigned counsel, certifies that as of this date, other than named parties and their shareholders, there is no interest to report under Civil L.R. 3-16.

## XX. OTHER MATTERS

The parties also discussed the following topics:

<u>Indefiniteness To Be Addressed as Part of Claim Construction Proceedings</u>:

The parties agree that any question of indefiniteness should be resolved as part of the claim construction proceedings. *See, e.g., Praxair, Inc. v. ATMI, Inc.*, 543 F.3d 1306, 1319 (Fed. Cir. 2008) ("Indefiniteness is a matter of claim construction . . . Indefiniteness, like claim construction, is a question of law . . . ."). Any disputed term argued as indefinite would be addressed as part of the claim construction process, including being addressed in the Exchange of Preliminary Claim Constructions and Extrinsic Evidence (Patent L.R. 4-2), the Joint Claim Construction and Prehearing Statement (Patent L.R. 4-3), claim construction discovery (Patent L.R. 4-4), and claim construction briefing (Patent L.R. 4-5), claim construction tutorials, the claim construction hearing, and the Court's order construing the disputed claims. Any term that is disputed as indefinite would not count as part of the ten disputed terms, but is subject to the applicable page limits on briefing.

Format of Claim Construction Hearing:

The parties do not anticipate live testimony at the claim construction hearing. Although the parties' recommendation may change depending on the terms ultimately chosen for construction, at this point in time, the parties propose that during the claim construction hearing, oral argument will proceed term-by-term, with MasterObjects presenting on each term first, followed by Google. The parties anticipate that, pursuant to paragraph 11 of the Court's Standing Order for Patent Cases, 3 hours will be required for argument at the claim construction hearing, split evenly between the two sides.

How the Parties Intend to Educate the Court on the Technology at Issue:

**Plaintiff's Statement:**

MasterObjects believes that a technology tutorial would be beneficial. MasterObjects proposes that the parties present the Court with a tutorial on the technology at issue, pursuant to the Court's Standing Order. MasterObjects proposes presentations of 60 minutes per side.

**Defendant's Statement**:

Pursuant to paragraph 6 of the Court's Standing Order for Patent Cases, Google proposes that each party be permitted 30-45 minutes to present its technology tutorial.

Agreement as to Service:

The parties agree that service of discovery requests and responses, and any other documents to be served on a party by another party, may be made by electronic mail, and that the date of service shall be determined by reference to the e-mail transmission date.

Dated: December 12, 2013    HOSIE RICE LLP


By: /s/ Spencer Hosie
SPENCER HOSIE
shosie@hosielaw.com

Attorney for Plaintiff
MASTEROBJECTS, INC.

Dated: December 12, 2013    KASOWITZ, BENSON, TORRES & FRIEDMAN LLP


By: /s/ Darcy L. Jones
Jeffrey J. Toney (*pro hac vice*)
jtoney@kasowitz.com
Jonathan K. Waldrop (*pro hac vice*)
jwaldrop@kasowitz.com
Darcy L. Jones (*pro hac vice*)
djones@kasowitz.com
1349 West Peachtree Street, N.W., Suite 1500 Atlanta, GA 30309
Tel: (404) 260-608; Fax: (404) 260-6081

Keith J. Mitro (Bar No. 287108)
kmitro@kasowitz.com
333 Twin Dolphin Drive, Suite 200
Redwood Shores, CA 94065
Tel: (650) 453-5170; Fax: (650) 453-5171

Attorneys for Defendant
GOOGLE INC.

I hereby attest pursuant to L.R. 5.1(i)(3) that concurrence in the electronic filing of this document has been obtained from the other signatories.

Dated: December 12, 2013    /s/ *Darcy L. Jones*
Darcy L. Jones

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions.

In addition, the Court makes the further orders stated below:

IT IS SO ORDERED.

Dated:_____      _____
HON. PHYLLIS J. HAMILTON
UNITED STATES DISTRICT JUDGE